(17 Misc. Rep. 92.)

ELLENSOHN v. HASELBACH et al.

(Supreme Court, Special Term, New York County. May, 1896.)

SECURITY FOR COSTS—UNDERTAKING—REQUIRING EXECUTION BY PLAINTIFF.
    The court has no power to require a nonresident plaintiff to unite with the sureties in an undertaking for costs.
(Syllabus by the Court.)

Action by Barbara Ellensohn against Carl Haselbach, Jr., and others. An order was entered requiring plaintiff to file an additional undertaking, "to be executed by the plaintiff and two sureties." An undertaking executed by two sureties, but not by the plaintiff, was duly furnished, whereupon defendant moved to dismiss the complaint. Denied.

Isaac N. Miller, for plaintiff.
Frank W. Arnold, for defendants.

PRYOR, J. In compliance with a motion by defendants for security for costs on the ground of plaintiff's nonresidence, it was ordered "that the plaintiff * * * file with the clerk of this court an additional undertaking in the sum of five hundred dollars, to be executed by the plaintiff and two sureties," etc. An undertaking executed by two sureties, but not by the plaintiff, was duly furnished; and because not executed by the plaintiff it was returned to her attorney. Thereupon this motion is made to dismiss the complaint, unless, within 30 days, an undertaking be given, pursuant to the order requiring its execution by the plaintiff.

The right to costs is the creature of statute, and they are not recoverable except pursuant to statutory provision. Fargo v. Helmer, 43 Hun, 17. "Where a provision of this act requires a bond or undertaking, with sureties, to be given by or on behalf of a party or other person, he need not join with the sureties in the execution thereof unless the provision requires him to execute the same." Code, § 811. By section 3273 an undertaking for costs "must be executed to the defendant by one or more sureties," and nothing in the Code exacts its execution by the plaintiff personally. Obviously, such an execution by the plaintiff would be superfluous, since already, and independently of any express convention, the plaintiff, if cast in the action, would be responsible for costs.

Code, § 3229.    He is the principal debtor, and the parties to the undertaking are his "sureties."

Plainly, too, since it is the nonresidence of the plaintiff that gives the right to security for costs, an undertaking by such nonresident would not answer the exigency of the occasion.    The evident policy of the statute is to supplement the unavailable liability of a nonresident plaintiff by the accessible responsibility of a resident surety.    Neither by the letter nor the reason of the law may the plaintiff be required to unite in the undertaking for costs.    The provision in the order, that the plaintiff execute the undertaking, being without authority in law, is a nullity, and, as such, is rightfully disregarded.

Motion denied, with costs.